UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| **Federal National Mortgage Association** | CIVIL ACTION NO: |
| **Plaintiff** | COMPLAINT |
| vs. | RE:<br>93 Longwood Drive, Portland, ME 04102 |
| **John A. Cimino** | Mortgage:<br>February 8, 2007<br>Book 24850, Page 323 |
| **Defendant**<br>**Department of the Treasury-Internal Revenue Service (U.S.A.)** | |
| **Party-In-Interest** | |

NOW COMES the Plaintiff, Federal National Mortgage Association, by and through its attorneys, Doonan, Graves & Longoria, LLC, and hereby complains against the Defendant, John A. Cimino, as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this action pursuant 28 U.S.C. § 1332(a)(1) (Diversity) because the Plaintiff and Defendant are citizens of different states and the matter in controversy exceeds the sum or value of seventy-five thousand and 00/100 ($75,000.00) dollars, exclusive of interest and costs. Any Court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought under 28 U.S.C. § 2201.

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1) because the object of this litigation is a Note executed under seal currently owned and held by Federal National Mortgage Association, in which the Defendant, John A. Cimino, is the obligor and the total amount owed under the terms of the Note is Six Hundred Thirty-Five Thousand

Sixty-Two and 00/100 ($635,062.00) dollars, plus attorney fees and costs associated with the instant action; thus, the amount in controversy exceeds the jurisdictional threshold of seventy-five thousand ($75,000.00) dollars.

3. Venue is properly exercised pursuant to 28 U.S.C. §1391(b)(2) insofar as all or a substantial portion of the events that give rise to the Plaintiff's claims transpired in Maine and the property is located in Maine.

## PARTIES

4. Federal National Mortgage Association is a Federally Chartered Corporation with its principal place of business located at 1100 15th Street NW, Washington, DC 20005.

5. The Defendant, John A. Cimino, is a resident of Portland, County of Cumberland and State of Maine.

6. The Party-in-Interest, Department of the Treasury-Internal Revenue Service, is located at 220 Maine Mall Road # 200, South Portland, ME 04106.

## FACTS

7. On July 29, 1998, by virtue of a Warranty Deed from William Webber and Betsy B. Webber, which is recorded in the Cumberland County Registry of Deeds in **Book 14023, Page 253**, the property situated at 93 Longwood Drive, City/Town of Portland, County of Cumberland, and State of Maine, was conveyed to John A. Cimino, being more particularly described by the attached Exhibit A.

8. On February 8, 2007, Defendant, John A. Cimino, executed and delivered to Bank of America, N.A. a certain Note under seal in the amount of $265,600.00. Defendant, John A. Cimino's, personal liability is limited and/or extinguished by the Chapter 7 bankruptcy filed which resulted in a bankruptcy discharge (In Re Cimino, 11-20052 which resulted in a discharge so John A. Cimino has no personal liability in this matter and this action seeks only

an *in rem* judgment against the subject property.).  *See* Exhibit B (a true and correct copy of the Note is attached hereto and incorporated herein).

9. To secure said Note, on February 8, 2007, Defendant, John A. Cimino, executed a Mortgage Deed in favor of Bank of America, N.A., securing the property located at 93 Longwood Drive, Portland, ME 04102 which Mortgage Deed is recorded in the Cumberland County Registry of Deeds in **Book 24850**, **Page 323**.  *See* Exhibit C (a true and correct copy of the Mortgage is attached hereto and incorporated herein).

10. The Mortgage was then assigned to Federal National Mortgage Association by virtue of an Assignment of Mortgage dated July 21, 2015, and recorded in the Cumberland County Registry of Deeds in **Book 32449**, **Page 251**.  *See* Exhibit D (a true and correct copy of the Assignment of Mortgage is attached hereto and incorporated herein).

11. The Mortgage was then assigned to MTGLQ Investors, L.P. by virtue of an Assignment of Mortgage dated February 7, 2019, and recorded in the Cumberland County Registry of Deeds in **Book 35450**, **Page 135**.  *See* Exhibit E (a true and correct copy of the Assignment of Mortgage is attached hereto and incorporated herein).

12. The Mortgage was then assigned to Federal National Mortgage Association, its successors and assigns by virtue of an Assignment of Mortgage dated November 18, 2024, and recorded in the Cumberland County Registry of Deeds in **Book 41162**, **Page 299**.  *See* Exhibit F (a true and correct copy of the Assignment of Mortgage is attached hereto and incorporated herein).

13. On or about September 23, 2025 a so-called "Affidavit of Missing Assignment" was executed and recorded at the Cumberland County Registry of Deeds Book 37286, Page 35, however, upon information and belief this affidavit is unnecessary and has no legal effect upon the ownership of the subject mortgage under Maine law. *See* Exhibit G (a true and

correct copy of the Affidavit of Missing Assignment is attached hereto and incorporated herein).

14. On December 10, 2024, the Defendant, John A. Cimino, was sent a Notice of Mortgagor's Right to Cure, as evidenced by the Certificate of Mailing (herein after referred to as the "Demand Letter"). *See* Exhibit H (a true and correct copy of the Demand Letter is attached hereto and incorporated herein).

15. The Demand Letter informed the Defendant, John A. Cimino, of the payment due date, the total amount necessary to cure the default, and the deadline by which the default must be cured, which was thirty-five (35) days from receipt of the Demand Letter. *See* Exhibit G.

16. The Defendant, John A. Cimino, failed to cure the default prior to the expiration of the Demand Letter.

17. The Plaintiff, Federal National Mortgage Association, is the present holder of the Note pursuant to endorsement by the previous holder (if applicable), payment of value and physical possession of the Note in conformity with 11 M.R.S. § 3-1201, et seq., and *Simansky v. Clark*, 147 A. 205, 128 Me. 280 (1929).

18. The Plaintiff, Federal National Mortgage Association, hereby certifies it is the lawful holder and owner of the Note and Mortgage.

19. The Plaintiff, Federal National Mortgage Association, hereby certifies that all steps mandated by law to provide notice to the mortgagor pursuant to 14 M.R.S.A. § 6111 and/or Note and Mortgage were strictly performed.

20. Department of the Treasury-Internal Revenue Service is a Party-in-Interest pursuant to a Tax Lien in the amount of $38,772.33 dated February 28, 2023, and recorded in the Cumberland County Registry of Deeds in **Book 40014**, **Page 248** and is in second position behind Plaintiff's Mortgage.

21. Department of the Treasury-Internal Revenue Service is a Party-in-Interest pursuant to a Tax Lien in the amount of $12,804.48 dated September 22, 2023, and recorded in the Cumberland County Registry of Deeds in **Book 36974**, **Page 40416** and is in third position behind Plaintiff's Mortgage.

22. Department of the Treasury-Internal Revenue Service is a Party-in-Interest pursuant to a Tax Lien in the amount of $5,188.88 dated November 1, 2023, and recorded in the Cumberland County Registry of Deeds in **Book 41549**, **Page 40477** and is in forth position behind Plaintiff's Mortgage.

23. The total debt owed under the Note and Mortgage as of December 1, 2025, is Six Hundred Thirty-Five Thousand Sixty-Two and 00/100 ($635,062.00) Dollars, which includes:

| Description | Amount |
| --- | --- |
| Principal Balance | $254,347.75 |
| Interest | $79,722.18 |
| Escrow Deficiency | $28,214.34 |
| Unpaid Late Charges | $919.44 |
| Legal Fees | $735.00 |
| Non-Interest Bearing Principal Balance | $264,440.87 |
| Lender Paid Expenses | $6,682.42 |
| Grand Total | $635,062.00 |

24. Upon information and belief, the Defendant, John A. Cimino, is presently in possession of the subject property originally secured by the Mortgage.

## COUNT I – FORECLOSURE AND SALE

25. The Plaintiff, Federal National Mortgage Association, repeats and re-alleges paragraphs 1 through 24 as if fully set forth herein.

26. This is an action for foreclosure and sale respecting a real estate related Mortgage and title located at 93 Longwood Drive, Portland, County of Cumberland, and State of Maine. *See* Exhibit A.

27. The Plaintiff, Federal National Mortgage Association, is the holder of the Note referenced in Paragraph 8 pursuant to endorsement by the previous holder (if applicable) and physical possession of the aforesaid Note in conformity with Title 11, section 3-1201, et seq. of the Maine Revised Statutes and *Simansky v. Clark*, 147 A. 205, 128 Me. 280 (1929). As such, Plaintiff, Federal National Mortgage Association, has the right to foreclosure and sale upon the subject property.

28. The Plaintiff, Federal National Mortgage Association, hereby certifies it is the current owner and investor of the aforesaid Mortgage and Note.

29. The Defendant, John A. Cimino, is presently in default on said Mortgage and Note, having failed to make the monthly payment due October 1, 2021, and all subsequent payments, and, therefore, has breached the condition of the aforesaid Mortgage and Note, but has no personal liability due to his discharge in bankruptcy.

30. The total debt owed under the Note and Mortgage as of December 1, 2025, is Six Hundred Thirty-Five Thousand Sixty-Two and 00/100 ($635,062.00) Dollars.

31. The record established through the Cumberland County Registry of Deeds indicates that there are no public utility easements recorded subsequent to the Mortgage and prior to the commencement of these proceedings affecting the mortgaged premises at issue herein.

32. By virtue of the Defendant, John A. Cimino's, breach of condition, the Plaintiff hereby demands a foreclosure and sale on said real estate, as affected by Defendant, John A. Cimino's, discharge in bankruptcy and, accordingly, this action <u>does not</u> seek any personal liability on the part of the Defendant, John A. Cimino, but only seeks *in rem* judgment against the property.

33. Notice in conformity with 14 M.R.S.A. § 6111 and/or Note and Mortgage was sent to the Defendant, John A. Cimino, on December 10, 2024, evidenced by the Certificate of Mailing. *See* Exhibit H.

34. The Defendant, John A. Cimino, is not in the Military as evidenced by the attached Exhibit I.

## PRAYERS FOR RELIEF

WHEREFORE, the Plaintiff, Federal National Mortgage Association, prays this Honorable Court:

a) Issue a judgment of foreclosure and sale in conformity with Title 14 § 6322, as affected by Defendant, John A. Cimino's, discharge in bankruptcy, and accordingly, this action <u>does not</u> seek any personal liability on the part of the Defendant, but only seeks *in rem* judgment against the property;

b) Determine the amount due and priority of any Parties-In-Interest that appear in this matter;

c) Grant possession to the Plaintiff, Federal National Mortgage Association, of the subject property upon the expiration of the period of redemption;

d) Find that the Defendant, John A. Cimino, is in breach of the Note by failing to make payment due as of October 1, 2021, and all subsequent payments, however, as affected by Defendant, John A. Cimino's discharge in bankruptcy, this action <u>does not</u> seek any personal liability on the part of the Defendant, John A. Cimino, but only seeks *in rem* judgment against the property;

e) Find that it was the intent of the Defendant, John A. Cimino, and the original lender, Bank of America, N.A., on February 8, 2007, to create a mortgage on the property commonly known as and numbered as 93 Longwood Drive, Portland, ME 04102;

f) Impose the applicable time periods for redemption, etc., as reflected in 14 M.R.S.A. § 6322;

g) Find that while the Defendant, John A. Cimino, has no personal liability in this matter, a Judgment of Foreclosure and Sale in this matter can be imposed in rem against the property commonly known as and numbered as 93 Longwood Drive, Portland, ME 04102;

h) For such other and further relief as this Honorable Court deems just and equitable.

          Respectfully Submitted,
          Federal National Mortgage Association,
          By its attorneys,

Dated: December 1, 2025

          /s/Reneau J. Longoria, Esq.
          Reneau J. Longoria, Esq. Bar No. 005746
          Attorneys for Plaintiff
          Doonan, Graves & Longoria, LLC
          100 Cummings Center, Suite 303C
          Beverly, MA 01915
          (978) 921-2670
          RJL@dgandl.com